IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

In re:                                    ) Chapter 7
                                          )
                                          ) No. 4:05-bk-08497-JMM
                                          )
RICHARD F. QUINTANA,                      ) **MEMORANDUM DECISION RULING ON**
                                          )
                                          ) **MATTER UNDER ADVISEMENT**
                                          )
                         Debtor.          ) (Opinion to Post)

On April 17, 2006, a hearing was held on the United States Trustee's Motion to Dismiss for Substantial Abuse Pursuant to 11 U.S.C. § 707(b)(3). Debtor was represented by Wayne Mortensen and United States Trustee Ilene Lashinsky was represented by Christopher Pattock. After reviewing the entire docket and the law, this court now rules.

## JURISDICTION

This court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b). This is a core proceeding.

## FACTS

Debtor Richard Quintana ("Debtor") filed a petition for chapter 7 relief on November 22, 2005. Ilene Lashinsky is the United States Trustee ("Trustee"). Debtor's schedules indicated that he is a machinist for Asarco but, due to a lockout since July 2005, was currently unemployed and receiving no income. Debtor's schedules also stated that he expected to return to work by December, 2005. Debtor's schedules list $1,851.00 in monthly expenses.

Trustee filed a Motion to Dismiss for Substantial Abuse, claiming that Debtor returned to work six days after filing for bankruptcy. Trustee claims that Debtor testified at his Meeting of

Creditors that his net monthly income is $3,432.00, leaving Debtor with a monthly disposable income of $1,581. This disposable income, according the to the Trustee, would fund $94,860 over the life of a five-year plan, which would pay off Debtor's $51,996.72 in general unsecured debts. In the alternative, the trustee alleged that Debtor filed his petition in bad faith, knowing he would be resuming full time employment shortly after filing bankruptcy.

## DISCUSSION

Debtor asserts that when Congress amended § 707(b), it created a three-part inquiry to determine whether a debtor has committed abuse in filing a chapter 7, in which a determination of a debtor's ability to pay is a separate and distinct inquiry from other questions of abuse under § 707(b)(3). Debtor claims that Congress intended its means test and safe harbor provision to be conclusive as to determinations of abuse based on a debtor's ability to pay. On the other hand, Trustee argues that § 707(b)(3), as amended, authorizes the dismissal of a chapter 7 case based only on the ability of a debtor to pay creditors something under a chapter 13 plan. Trustee also notes that the law provides for dismissal where there is either a presumption of abuse, or if no presumption arises, where the totality of the circumstances of the debtor's financial condition evidences abuse.

Section 707, as amended, allows the court to dismiss a case if it finds that granting relief would be an "abuse" of the provisions under chapter 7. Section 707(b)(3) states that, in considering whether the granting of relief would be an abuse, in which the presumption of subparagraph (A)(i) (the means test) does not arise or is rebutted, the court shall consider:

(A) whether the debtor filed the petition in bad faith; or

(B) the totality of the circumstances . . . of the debtor's financial situation demonstrates abuse.

If the presumption of abuse that arises under the means test does not apply in a particular chapter 7, or if the presumption arises but is significantly rebutted, the court must consider, under § 707(b)(3), whether the petition was otherwise filed in bad faith or whether the totality of the

2

circumstances involving the debtor's financial situation demonstrates an abuse. In other words, even without the means test's presumption of abuse, inquiries concerning either a debtor's bad faith, or the totality of circumstances tests continue to be viable. *See* 2005 Bankr. Reform Legis. with Analysis 2d § 6:3.

Therefore, while the presumption of abuse does not arise under the means test for this Debtor, in this case, this court is required nonetheless to consider whether Debtor filed his petition in bad faith or whether the debtor's financial situation demonstrates abuse, by looking at the totality of the circumstances. When considering bad faith or the totality of the circumstances, situations in which the court dismissed cases for substantial abuse pre-BAPCPA, will continue to be grounds for dismissal under the new law. *See* 146 Cong. Rec. S11683-11729 (section by section explanation of HR 2415), Dec. 7, 2000.

> The 'bad faith' and 'totality of the circumstances' of the debtor's situation is adopted as the appropriate standard. It is intended that all forms of inappropriate and abusive debtor use of chapter 7 will be covered by this standard, whether because of the debtor's conduct or the debtor's ability to pay. If a debtor's case would be dismissed today [PreBAPCPA] for 'substantial abuse' . . . it is intended that the case should be subject to dismissal after HR 2415. . . . In dealing with ability to pay cases which are abusive, the presumption of abuse and the safe harbor protecting debtors from application of the presumption will not be relevant.

*Id.*

**Bad Faith**

Trustee claims that Debtor filed his petition in bad faith, knowing that he would resume full time employment only six days after filing for bankruptcy, thereby enabling him to claim a much lower income and thus avoid acknowledging that the presumption of abuse existed under § 707(b)(2). Debtor asserts that he expected to return to work in December, 2005 but that he was rehired with no guarantee that his job will be permanent.

Debtor was clear on his petition that he would be resuming employment shortly after filing

3

Case 4:05-bk-08497-JMM    Doc 22    Filed 05/03/06    Entered 05/03/06 15:47:05    Desc
Main Document    Page 3 of 6

bankruptcy. In addition, Debtor had been without an income from employment since July 2005. It is clear that Debtor had insufficient income prior to filing bankruptcy in order to meet his monthly obligations. A finding of bad faith, under these circumstances, is a close call. But, because the court can decide this case on the "totality of the circumstances" test, it is unnecessary to rule on whether the filing was made in bad faith.

### **Totality of the Circumstances**

Under § 707(b)(3) of BAPCPA, dismissal is still warranted based upon the totality of the circumstances showing "abuse," including in cases where a debtor has the ability to repay a substantial portion of the unsecured debt. Trustee asserts that Debtor returned to work six days after filing bankruptcy and this return to work was expected by Debtor and even noted on his petition.

The principal factor to be considered in determining abuse is the debtor's ability to repay the debts for which a discharge is sought. *In re Kelly*, 841 F.2d 908, 914 (9th Cir. 1988). In determining ability to pay, a court should look at the debtor's ability to fund a chapter 13 plan. *Id.* A finding that debtor is able to pay his debts, standing alone, is sufficient to dismiss a chapter 7 for abuse. *Id.* at 915.

Debtor has testified that his net monthly income is $3,432 and his monthly expenses are $1,851. This leaves debtor with $1,581 in disposable monthly income, an amount which would fund $94,860 over the life of a 5-year plan. This amount is more than sufficient to pay off Debtor's $51,996.72 in general unsecured debts. Therefore, it is clear Debtor has the ability to fund a chapter 13 plan and his case should be dismissed because, under the totality of the circumstances, Debtor's financial situation demonstrates abuse.

4

## CONCLUSION

Debtor is clearly able to fund a chapter 13 plan. Because, under the totality of the circumstances test, Debtor's financial situation demonstrates abuse, the Trustee's Motion to Dismiss is GRANTED. However, should Debtor desire to convert this case to one under chapter 13, that option may be exercised within 10 days. A separate order so providing will be entered pursuant to Fed. R. Bankr. P. 9021.

DATED: May 3, 2006

JAMES M. MARLAR
UNITED STATES BANKRUPTCY JUDGE

COPIES served as indicated below this 3 day of May, 2006, upon:

Wayne Mortensen
Farnsworth Law Offices, Inc.
1837 South Mesa Drive #A103
Mesa, AZ 85210
Email azflo@cox.net
Attorneys for Debtor

Ronald Ancell
1721 W. Klamath Dr.
Tucson, AZ 85704
Email rancell@epitrustee.com
Chapter 7 Trustee

Christopher J. Pattock
Office of the U.S. Trustee
230 North First Avenue, Suite 204
Phoenix, AZ 85003-1706
Email christopher.j.pattock@usdoj.gov
Attorney for UST

| | |
|---|---|
| 1 | Office of the United States Trustee |
| 2 | 230 North First Avenue, Suite 204<br>Phoenix, AZ  85003-1706 |
| 3 | U.S. Mail |
| 4 | |
| 5 | By /s/ MB Thompson<br>    Judicial Assistant |

6